UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 JUN 7 PM 4 13
U.S. DISTRICT COURT
NEW HAVEN, CT.

Grand Jury N-11-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:12cr129 (SCH) |
| v. | : | VIOLATIONS: |
| GARY ANUSAVICE, | : | 18 U.S.C. § 371 (Conspiracy) |
| a.k.a. "Gary Andrus," "Gary Andrews," | : | 18 U.S.C. §1347 (Health Care Fraud) |
| "Gary Francis," | : | 18 U.S.C. §1343 (Wire Fraud) |
| | : | 42 U.S.C. § 1320a-7b(a)(2) (False Statement involving Medicaid) |
| Defendant. | : | 42 U.S.C. § 1320a-7b(a)(3) (Concealment of an Event Affecting Medicaid) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy)

Background Facts

1.      Defendant GARY ANUSAVICE ("ANUSAVICE") was a resident of Rhode Island who owned and operated several dental clinics in Connecticut.

2.      ANUSAVICE used another individual, a licensed dentist who is known to the Grand Jury and is referred to herein as Co-conspirator #1, to act as the nominal head of the following dental clinics (collectively referred to as the "ANUSAVICE Dental Clinics"), among others:

   a)      Landmark Dental, a dental clinic that operated at 267 Center Street, West Haven, Connecticut, and provided dental services to Medicaid-eligible patients from in or about 2009 to in or about April 2011.

b)  Dental Group of Stamford LLC, a dental clinic that operated at 19 Third Street, Stamford, Connecticut, and then at 587 Elm Street, Stamford, Connecticut, and provided dental services to Medicaid-eligible patients from in or about 2009 to in or about April 2011.

c)  Dental Group of Connecticut, LLC, a dental clinic that operated at 921 White Plains Road, Trumbull, Connecticut, and provided dental services to Medicaid-eligible patients from in or about 2010 to in or about April 2011.

3.  ANUSAVICE operated through various nominee entities that he controlled, including Haven Consulting, Incorporated ("Haven Consulting"), E.G.A. Management, Incorporated ("E.G.A. Management"), AMZ Consulting, Inc., N.B. Dental, Inc., Dental Care of Connecticut, among others.

The Medicaid Program

4.  The Medicaid program is a joint federal-state program that provides funds for medical services to lower-income individuals who qualify for benefits. The program is jointly administered by the U. S. Department of Health and Human Services and supervised by the Centers for Medicare and Medicaid Services. In Connecticut, the Medicaid program is administered by the State of Connecticut Department of Social Services (DSS).

5.  The Medicaid program pays claims for reimbursement for medical services provided by participating health care providers to Medicaid beneficiaries.

6.  In Connecticut, because Medicaid was underutilized by Connecticut residents for dental care, the State undertook a study and revision to its Medicaid program for dental care with the goal of having more dentists as providers of services to Medicaid patients. In order to make

the work more financially attractive to dentists to treat Medicaid-eligible patients, effective April 1, 2008, the State increased the payments allowed for Medicaid-covered dental procedures.

7. At all times relevant to this Indictment, ANUSAVICE was excluded from participation in the Medicaid program. As such, ANUSAVICE was barred from submitting claims or causing claims to be submitted for payment from the Medicaid program. Further, ANUSAVICE's Medicaid exclusion meant that payments were prohibited to any entity in which ANUSAVICE served as an "employee, administrator, operator, or in any other capacity, for any services, including administrative and management services that [ANUSAVICE] furnishes, orders, or prescribes on or after the effective date of [the] exclusion."

## ANUSAVICE's Prior Disciplinary and Criminal History

8. On or about July 8, 1997, ANUSAVICE sustained a felony conviction for False Health Care Claims, in violation of Mass. G.L. 175H, Section 2, by, among other things, "knowingly and willfully mak[ing] or caus[ing] to be made false statements or representations of material facts in applications for payments of health care benefits."

9. On or about July 8, 1997, after an investigation by the Massachusetts Board of Registration of Dentistry, ANUSAVICE entered into a Consent Judgment agreeing to a five-year suspension of his dental license in Massachusetts.

10. In February 1998, as a result of an investigation by the State of Rhode Island Department of Health Board of Examiners, ANUSAVICE entered into a Consent Order agreeing to a five-year suspension of his dental license in Rhode Island.

11. In November 2005, as a result of an investigation by the Rhode Island Department of Health Board of Examiners in Dentistry, ANUSAVICE entered into a Consent Order in which he agreed to surrender his right to practice dentistry in Rhode Island for another 18 months.

12. In June 2006, as a result of an investigation by the Massachusetts Board of Registration in Dentistry, the Board permanently revoked ANUSAVICE's license to practice dentistry in the Commonwealth of Massachusetts.

### The Conspiracy

13. From in or about early 2009 through in or about April 2011, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, ANUSAVICE did unlawfully, knowingly and intentionally conspire, combine, confederate and agree with Co-conspirator #1 and others, known and unknown to the Grand Jury, to commit offenses against the United States, namely:

   a) to knowingly and willfully execute and attempt to execute a scheme or artifice to defraud the Connecticut Medicaid program, in violation of Title 18, United States Code, Section 1347;

   b) to knowingly and willfully make and cause to be made false statements and representations of material fact for use in determining rights to payment under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(a)(2); and

   c) while having knowledge of the occurrence of an event affecting the ANUSAVICE Dental Clinics' initial and continued right to payment under a Federal health care program, to conceal and fail to disclose such event with an intent fraudulently to secure such payment in a greater amount and quantity than was due and when no such payment was authorized, in violation of Title 42, United States Code, Section 1320a-7b(a)(3).

## Purpose of the Conspiracy

14. The purpose of the conspiracy was for ANUSAVICE and his co-conspirators to enrich themselves with money from the Connecticut Medicaid program for Medicaid claims submitted by the ANUSAVICE Dental Clinics by concealing and misrepresenting ANUSAVICE's prior disciplinary and criminal history, his ownership interest in the ANUSAVICE Dental Clinics, and his exclusion from the Medicaid program.

## Manner and Means of the Conspiracy

The manner and means by which ANUSAVICE and his co-conspirators sought to accomplish the objects of the conspiracy included the following:

15. It was part of the conspiracy that ANUSAVICE would and did own, operate and control the ANUSAVICE Dental Clinics.

16. It was further part of the conspiracy that Co-conspirator #1, recruited by ANUSAVICE, would act as the nominal head of the ANUSAVICE Dental Clinics.

17. It was further part of the conspiracy that Co-conspirator #1, acting at the direction of ANUSAVICE, would and did submit paperwork to the DSS in order to enroll the ANUSAVICE Dental Clinics in the Connecticut Medicaid program.

18. It was further part of the conspiracy that ANUSAVICE and Co-conspirator #1 would and did conceal and not disclose that ANUSAVICE had an ownership interest in the ANUSAVICE Dental Clinics.

19. It was further part of the conspiracy that ANUSAVICE and Co-conspirator #1 would and did conceal and not disclose that ANUSAVICE had a prior criminal and disciplinary history.

20. It was further part of the conspiracy that ANUSAVICE and Co-conspirator #1 would and did conceal and not disclose that ANUSAVICE was excluded from the Medicaid program.

21. It was further part of the conspiracy that ANUSAVICE would and did receive money from the Medicaid reimbursements paid by DSS to the ANUSAVICE Dental Clinics.

## Overt Acts

22. In furtherance of the conspiracy, and to accomplish its purposes and objects, ANUSAVICE and his co-conspirators committed and caused others to commit at least one of the following overt acts, among others, in the District of Connecticut and elsewhere:

    a) On or about January 21, 2009, Co-conspirator #1 submitted a Connecticut Medical Assistance Program Provider Enrollment/Re-Enrollment Application ("Provider Application") and a Provider Enrollment Agreement ("Enrollment Agreement") to the DSS so that Landmark Dental, the trade name for Co-conspirator #1's limited liability corporation, could begin to bill for Medicaid.

    b) On April 17, 2009, Co-conspirator #1 and ANUSAVICE, acting through Haven Consulting, entered into a Business Consultant Contract for the Dental Group of Stamford in which Co-conspirator #1 acknowledged that at the time of entering into this business consultant contract, he was aware of ANUSAVICE's prior disciplinary history, which included ANUSAVICE having been barred from practicing dentistry in Rhode Island and Massachusetts as a result of, among other things, fraud and dishonesty.

    c) On or about May 29, 2009, Co-conspirator #1 submitted a Provider Application and a Provider Enrollment Agreement to the DSS in order to obtain a Medicaid provider number for Landmark Dental.

  d) On or about May 29, 2009, Co-conspirator #1 submitted a Provider Application and a Provider Enrollment Agreement to the DSS in order to obtain a Medicaid provider number for the Dental Group of Stamford.

  e) On or about April 19, 2010, Co-conspirator #1 submitted a Provider Application and a Provider Enrollment Agreement to the DSS in order to obtain a Medicaid provider number for the Dental Group of Connecticut.

  f) From on or about February 24, 2009, to on or about July 14, 2009, a limited liability corporation in Co-conspirator #1's name, doing business as Landmark Dental, received $719,422.36 in Medicaid reimbursement payments.

  g) From on or about July 14, 2009, to on or about March 22, 2011, Landmark Dental received $12,224,151 in Medicaid reimbursement payments.

  h) From on or about June 23, 2009, to on or about March 22, 2011, the Dental Group of Stamford received $4,417,893.30 in Medicaid reimbursement payments.

  i) From on or about August 10, 2010, to on or about March 22, 2011, Dental Group of Connecticut received $3,571,059.80 in Medicaid reimbursement payments.

  j) From on or about February 24, 2009, to on or about March 22, 2011, ANUSAVICE received approximately $3,061,614.80 of the Medicaid reimbursement payments that DSS made to the ANUSAVICE Dental Clinics in the form of checks to E.G.A. Management, Haven Consulting, and AMZ Consulting.

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNT TWO
(Health Care Fraud)

23. The allegations in paragraphs 1 through 22 are realleged and incorporated by reference as though fully stated herein.